# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
## LAS VEGAS, NEVADA

In re:

| | |
|---|---|
| LISA MARIE CHONG, ) | CASE No. 2:09-CV-0661-KJD-LRL |
| ) | |
| Debtor. ) | |
| ) | |
| _____) | |
| JOSHUA SCOTT MITCHELL, et al.) | CASE No. 2:09-CV-0668-JCM-RJJ |
| ) | |
| Debtors. ) | |
| ) | |
| _____) | |
| BARRY ALLEN TRAYNOR, et al., ) | CASE No. 2:09-CV-0669-LDG-PAL |
| ) | |
| Debtors. ) | |
| ) | |
| _____) | |
| SHEILA MEDINA aka ) | CASE No. 2:09-CV-0670-KJD-GWF |
| SHEILA GOGGIN ) | |
| ) | |
| Debtor. ) | |
| ) | |
| _____) | |
| ROBERT THOMAS ATKERSON, et al) | CASE No. 2:09-CV-0673-RCJ-GWF |
| ) | |
| Debtors. ) | |
| ) | |
| _____) | |
| WILLIAM JAY ZIEGLER, et al., ) | CASE No. 2:09-CV-0676-RLH-PAL |
| ) | |
| Debtors. ) | |
| ) | |
| _____) | |
| PETER C. ALTMANN, JR. ) | CASE No. 2:09-CV-0677-JCM-LRL |
| ) | |
| Debtor. ) | |
| ) | |
| _____) | |
| SURJIT SAMRA, ) | CASE No. 2:09-CV-0683-RLH-RJJ |
| ) | |
| Debtor. ) | |
| ) | |
| _____) | |

(Continued)

_____
2:09-CV-661-KJD-LRL, et al.     **MERS - EN BANC HEARING**     11/10/09

NW TRANSCRIPTS, LLC - Nevada Division
P.O. Box 890
Nampa, Idaho 83653-0890
(208) 466-4148 - gayle@nwranscripts.com

1

```
JOSE ANG, et al.,              )  CASE No. 2:09-CV-0684-LDG-GWF
                               )
              Debtors.         )
                               )
_____)
                               )
GUILLERMINA CORTES,            )  CASE No. 2:09-CV-0685-KJD-RJJ
                               )
              Debtor.          )
                               )
_____)
                               )
ELDRIDGE JOSEPH DUFAUCHARD,    )  CASE No. 2:09-CV-0691-JCM-LRL
                               )
              Debtor.          )
                               )
_____)
                               )
MICHELE DART,                  )  CASE No. 2:09-CV-0873-KJD-GWF
                               )
              Debtor.          )
                               )
_____)
                               )
ADAM J. BREEDEN,               )  CASE No. 2:09-CV-0874-LDG-LRL
                               )
              Debtor.          )
                               )
_____)
                               )
JEFFREY PILATICH,              )  CASE No. 2:09-CV-0888-KJD-GWF
                               )
              Debtor.          )
                               )
_____)
                               )
KATHLEEN O'DELL,               )  CASE No. 2:09-CV-0889-KJD-PAL
                               )
              Debtor.          )
                               )
_____)
                               )
ROBERT A. BEALER, et al.,      )  CASE No. 2:09-CV-0890-PMP-PAL
                               )
              Debtor.          )
                               )
_____)
                               )
DEAN MAURER,                   )  CASE No. 2:09-CV-0891-JCM-GWF
                               )
              Debtor.          )
                               )
_____)
                               )
LONNIE EARL HAWKINS, et al.,   )  CASE No. 2:09-CV-0892-KJD-GWF
                               )
              Debtor.          )      LAS VEGAS, NEVADA
                               )      NOVEMBER 10, 2009
_____)      1:33:31 P.M.
And related cases and parties  )


                        (Continued)
```

_____
2:09-CV-661-KJD-LRL, et al.     **MERS - EN BANC HEARING**        11/10/09

**IN RE:  MERS BANKRUPTCY APPEAL**
**EN BANC HEARING ON APPEALS FROM BANKRUPTCY COURT**


HELD BEFORE THE HONORABLE ROGER L. HUNT, PRESIDING
CHIEF DISTRICT JUDGE OF THE U.S. DISTRICT COURT

HELD BEFORE THE HONORABLE PHILIP M. PRO, PRESIDING
DISTRICT JUDGE OF THE U.S. DISTRICT COURT

HELD BEFORE THE HONORABLE KENT J. DAWSON, PRESIDING
DISTRICT JUDGE OF THE U.S. DISTRICT COURT

HELD BEFORE THE HONORABLE JAMES C. MAHAN, PRESIDING
DISTRICT JUDGE OF THE U.S. DISTRICT COURT

HELD BEFORE THE HONORABLE ROBERT C. JONES PRESIDING
DISTRICT JUDGE OF THE U.S. DISTRICT COURT

HELD BEFORE THE HONORABLE LLOYD D. GEORGE, PRESIDING
SENIOR DISTRICT JUDGE OF THE U.S. DISTRICT COURT


COURT RECORDER:

SUMMER RIVERA
U.S. District Court


Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

APPEARANCES:


FOR THE DEBTORS/
BANKRUPTCY TRUSTEE:          LENARD E. SCHWARTZER, Esq.
                            Schwartzer & McPherson Law Firm
                            2850 S. Jones Blvd., Suite 1
                            Las Vegas, Nevada 89146
                            lschwartzer@s-mlaw.com



FOR THE APPELLANT/MERS:
                            JEFFREY A. SILVESTRI, Esq.
                            RYAN J. WORKS, Esq.
                            McDonald Carano Wilson LLP
                            2300 W. Sahara Ave., No. 10,
                             Suite 1000
                            Las Vegas, Nevada 89102
                            jsilvestri@mcdonaldcarano.com
                            rworks@mcdonaldcarano.com

                            K. ISSAC DeVYVER, Esq.
                            Reed Smith Centre
                            225 Fifth Avenue
                            Pittsburgh, PA 15222
                            kdevyver@reedsmith.com

```
 1  LAS VEGAS, NEVADA                    TUESDAY, NOVEMBER 10, 2009

 2               PROCEEDINGS BEGAN AT 1:33:31 P.M.

 3               THE CLERK:  All rise.  United States District

 4  Court is now in session.  Six judges are sitting en banc.

 5               JUDGE HUNT:  You may be seated.

 6               THE CLERK:  This is the time set for In Re: MERS

 7  Appeal from Bankruptcy Court.

 8               Counsel, please identify yourselves for the record.

 9               MR. SCHWARTZER:  My name is Lenard Schwartzer.  I am

10  the trustee in most of these cases and the attorney for the

11  Ziegler [unintelligible].

12               MR. SILVESTRI:  Good afternoon, Your Honor.

13               Jeff Silvestri of McDonald Carano Wilson.  And with

14  me, my associate Ryan Works and co-counsel from Reed Smith,

15  Issac DeVyver.  Mr. DeVyver will be handling the argument for

16  MERS.

17               JUDGE HUNT:  All right.

18               MR. DeVYVER:  [unintelligible].

19               JUDGE HUNT:  Thank you.

20               Counsel, the Court will give each of you 30 minutes.

21  If the appellants wish to reserve some time for rebuttal you

22  may do that out of the 30 minutes.  And we're ready to hear

23  you.

24               Judge Pro, you're with us?

25               JUDGE PRO:  I am.  Thank you, Judge Hunt.  I can
```

NW TRANSCRIPTS, LLC - Nevada Division
P.O. Box 890
Nampa, Idaho 83653-0890
(208) 466-4148 - gayle@nwranscripts.com

 1  hear you fine.

 2          JUDGE HUNT:  Okay.  You may proceed.

 3          MR. DeVYVER:  Thank you, Your Honor.

 4          JUDGE GEORGE:  Chief, I'm sorry, but I don't have a

 5  pad.

 6          JUDGE HUNT:  Can we get a pad for Judge George?

 7              (Off-record colloquy of the Clerk)

 8          JUDGE HUNT:  All right.

 9          JUDGE GEORGE:  Thank you.

10          JUDGE HUNT:  You may proceed.

11          MR. DeVYVER:  Thank you, Your Honors.

12          We are here today because the Bankruptcy Court

13  erred in two regards, and there are two issues that -- that

14  we'd like to address with the Court.

15          First, in the Ziegler case the Bankruptcy Court

16  erred when it excluded MERS' evidence that it was the holder

17  of the note for the loan, as well as the beneficiary of the

18  deed of trust.

19          The second issue concerns all 16 cases that are

20  remaining before this Court, and that is the issue of whether

21  MERS is the beneficiary of the deed of trust.

22          If it pleases the Court, I'd like to begin with the

23  first issue, and that is whether the Bankruptcy Court erred

24  in excluding MERS' evidence.

25          The Bankruptcy Court did not hold that MERS, or any

1   other party for that matter, who was a noteholder and is

2   also a beneficiary in a deed of trust, does not have standing

3   to seek relief from stay.  And while there were bits and

4   pieces of that in the briefing, I'd just like to be clear

5   about that.  There is no issue under the law that a party who

6   holds the note, a noteholder, who is also a beneficiary in

7   the deed of trust has standing to seek relief from stay.  And

8   we know that because under Nevada law that party, the

9   noteholder, is the party who has the right to enforce the

10  interest.

11          And so really the issue that was before the

12  Bankruptcy Court -- and again, this concerns only the Ziegler

13  case -- was whether the Bankruptcy Court erred when it

14  excluded MERS' evidence, that it was the noteholder and the

15  beneficiary of the deed of trust.

16          The error here was clear and plain.  What the

17  Bankruptcy Court did was apply the wrong legal standard.  It

18  looked at the evidentiary issue through the wrong prism, if

19  you will, to determine whether the evidence was admissible.

20  What we had were essentially two pieces of evidence, the

21  document evidence, which was the note and the deed of trust,

22  and also some affidavit evidence.

23          What the Bankruptcy Court did and what was clear

24  error was, the Bankruptcy Court looked at it through a prism

25  on whether that evidence was the business record evidence.

1   And the Bankruptcy Court specifically said that in its

2   decision, that -- that MERS had met its burden of proving that

3   the note and the deed of trust were business records.  They

4   clearly are not.

5           As the cases we cited in our briefs [unintelligible]

6   the Ninth Circuit has clearly held that the notes and deeds of

7   trust are contracts, and as a consequence factor [sic].

8           JUDGE JONES:  Counsel, this really is just a side

9   issue, isn't it?  In other words, it's harmless error if we

10  determine that the Bankruptcy Court was right, that you are

11  not a beneficiary.  It's harmless error.  We may agree with

12  you that a note and a deed of trust are establishing

13  documents, they're not hearsay doc -- statements.  But,

14  nevertheless, it's harmless error relative to the core issue,

15  are you really a beneficiary.

16          MR. DeVYVER:  Well, I would quibble with you a

17  little bit there only because in, at least in the Ziegler

18  case MERS was the noteholder.  So even if you were to

19  determine that MERS was not the beneficiary, the noteholder

20  still has standing to seek relief from stay.  And so in that

21  regard, while it may be one of the two issues, it's still an

22  important issue because even if you find that MERS is not

23  the --

24          JUDGE JONES:  How do you claim?  I mean Ziegler

25  isn't my case, so I -- but how do you claim that MERS is the

1  noteholder unless, in fact, it's holding the note --

2          MR. DeVYVER:  Because the evidence showed --

3          JUDGE JONES:  -- under state law?

4          MR. DeVYVER:  Oh, I beg your pardon.

5          JUDGE JONES:  It makes no difference if the note or

6  deed of trust says you are a beneficiary or a noteholder, if

7  you are not in fact that animal.  In other words, we could

8  call you the lender in the deed of trust.  We could call

9  MERS -- we could call them anything.  But if you are not, in

10 fact, a beneficiary, you're not a beneficiary.  Under state

11 law beneficiary is defined, and there is -- under common law

12 it's defined.  You are simply, whether it calls you

13 beneficiary or agent or nominee; nominee is something that

14 we can take cognizance of, but you hold no beneficial

15 interest in the note, other than legal title.  Isn't that

16 the truth?

17         MR. DeVYVER:  Well, I would -- I would disagree

18 with you there.  And I do want to talk about that point, but

19 none of that changes Ziegler.  The evidence was that MERS was

20 the noteholder.  It did hold the note.  That's what the

21 evidence showed.  The note was endorsed in blank, and

22 affidavit testimony established that MERS was in physical

23 possession of the note at the time the motion for relief from

24 stay was filed in Ziegler and under Nevada law that makes

25 MERS the noteholder.

NW TRANSCRIPTS, LLC - Nevada Division
P.O. Box 890
Nampa, Idaho 83653-0890
(208) 466-4148 - gayle@nwranscripts.com
                                                              9

1        JUDGE HUNT:  Even if that note had been transferred,

2   or the beneficial interest in it had been transferred to

3   someone else?

4        MR. DeVYVER:  Well, at the time the motion was

5   filed MERS was the noteholder.  The beneficial interest, that

6   is the investor I guess as I would call it, even if that

7   changed hands, yes, because under Nevada law it is the party

8   who holds the note who is entitled to enforce it.  And that

9   was the case here.

10       The note showed that it was endorsed in blank.  The

11  affidavit testimony established that an officer of MERS was

12  holding the note at the time the motion for relief from stay

13  was filed in Ziegler.  Nothing else is needed.  That

14  establishes that MERS, at least in the Ziegler case and that's

15  all we're talking about at this point, was the party who had

16  standing and was real --

17       JUDGE JONES:  I just don't get your point still,

18  because you're talking about an irreconcilable distinct --

19  irreconcilable position that you put forward in front of the

20  bankruptcy code [sic] -- you said -- court.  You said we are

21  a holder, we hold the note in blank, but we also admit that

22  the owner -- beneficial ownership of the note is in someone

23  else.

24       MR. DeVYVER:  Well, it's all --

25       JUDGE JONES:  That's an irreconcilable conflict

1   you presented in the evidence that you presented to the

2   Bankruptcy Court.  We are a holder.  We own the note.  At the

3   same time you said -- you admitted that the beneficial

4   ownership, the true ownership of the note is in someone

5   else.

6          MR. DeVYVER:  Well, it's often the case -- under

7   Nevada law you don't have to -- under Nevada law the holder

8   of the note can enforce it.  It is often the case, as is

9   cited in many of the cases that both of the parties have put

10  before the Court, that the party who is holding the note

11  isn't the ultimate investor.  These notes are secured often

12  in deeds -- often in trusts, and many, many people own them

13  in their investments.

14         But the noteholder, that party, under the law -- and

15  for a case I would -- I would refer the Court to the *Hill*

16  case, which is an Arizona case, but which is right on point,

17  provides that the party that can enforce the note is the party

18  that has standing and is the real party in interest to seek

19  relief from stay.  That isn't always the investor.  In the

20  *Hill* case it was a loan servicer, but it was a loan servicer

21  who held the note, it was a note -- a loan servicer that was

22  the beneficiary on the deed of trust and, therefore, the Court

23  correctly found that because it was the party entitled to

24  enforce the interest, it was the party that was entitled to

25  seek relief from stay.

1          JUDGE PRO:  Mr. DeVyver, if I could ask, as the

2    holder of the note in the Ziegler case, or if we extend that

3    beyond looking at the beneficiary status, what injury has

4    MERS suffered by the Bankruptcy Court's rulings that a

5    favorable ruling would redress in this case?  As I understand

6    it, whether in Ziegler, as the holder of the note, or in the

7    other cases, MERS doesn't have a financial interest in the

8    mortgages, loans, or properties at issue.  Am I correct?

9          MR. DeVYVER:  In the Ziegler case, as the

10   noteholder, MERS is the party who is entitled to be redressed

11   for that harm.

12          There are two things in play here.  There are MERS'

13   rights vis a vis the lender, and MERS' rights in its

14   contractual relationship with its members.

15          As the note --

16          JUDGE PRO:  So in Ziegler, MERS has the right to

17   payments from -- from your perspective on that particular

18   Ziegler note?

19          MR. DeVYVER:  Yes, sir.  MERS is entitled to

20   enforce the instrument.  It has a contractual agreement with

21   its members on how it will enforce those rights, and it will

22   take the payments and give the payments to where it decides

23   to put them, based on its contact with its members.  But as

24   the noteholder, under Nevada law, it is the party that's

25   entitled to enforce the instrument.

1          JUDGE PRO:  Well, it's passing those proceeds

2    through, isn't it, to others?

3          MR. DeVYVER:  Yes.  Yes.  MERS -- you are absolutely

4    right.  MERS lends no money and MERS will not keep any of the

5    loan proceeds.  That is correct.

6          JUDGE PRO:  And except for Ziegler, does MERS have

7    any financial interest whatsoever in any of the notes or

8    loans at issue?

9          MR. DeVYVER:  And I don't mean to put too fine a

10   point on it.  If your question is, did MERS loan any money

11   or is MERS getting -- taking any part of the loan payments,

12   then the answer is no.  That's correct.  It does have an

13   interest  in that it has an interest with its members, and so

14   it has a contractual interest and it is paid pursuant to that

15   contract, that it stands in the shoes of the lender for

16   purposes of being a nominee beneficiary.  But you are

17   correct, Your Honor, that MERS does not get the proceeds

18   from the loan.  Yes, sir.

19         JUDGE PRO:  All right.

20         JUDGE HUNT:  So are you -- are you saying that the

21   authority to enforce the note is the same thing as being a

22   beneficiary under the note?

23         MR. DeVYVER:  I'm not sure I understand your

24   question, and I apologize.

25         I mean under Nevada law the noteholder enforces it.

1   That isn't always the beneficial owner.

2             JUDGE HUNT:  I -- well, I believe we're quibbling

3   over words, but we're talking about, if I understand,

4   ultimately here whether or not MERS is a beneficiary as

5   opposed to an agent of the beneficiary.

6             MR. DeVYVER:  That is certainly the question with

7   respect -- yes, to all 16 cases, I agree.

8             JUDGE HUNT:  Are you -- is it your position that

9   being -- having the authority to enforce it makes you a

10  beneficiary?

11            MR. DeVYVER:  It does not make us the beneficial

12  owner.  No, MERS is a beneficiary by virtue of its contractual

13  relationship with the borrower.

14            JUDGE HUNT:  Doesn't a beneficiary have to have some

15  sort of financial interest in something?

16            MR. DeVYVER:  No.

17            JUDGE HUNT:  Just authority to act is -- seems to me

18  a beneficiary is -- there's a difference between having the

19  authority to act and being able to get the benefit from an

20  act.

21            MR. DeVYVER:  Well, MERS, pursuant to the terms of

22  this contract, there is -- there is no definition of

23  beneficiary under Nevada law like there is under some states.

24  But Nevada law does explain what a beneficiary is and what

25  rights a beneficiary can exercise.  And MERS, at least as I

1   read this Court's decisions, has those rights, or can

2   exercise those rights.  This Court has held, as I read the

3   decisions, that MERS can initiate a non-judicial foreclosure,

4   the right of a beneficiary.  MERS can substitute a trust --

5   substitute the trustee, the right as a beneficiary.  What

6   I --

7           JUDGE DAWSON:  What cases are you referring to for

8   that?  And don't include unopposed cases where -- where we

9   have a pro se and the motion has been made to dismiss, 'cause

10  I think those are distinguishable.

11          MR. DeVYVER:  Well, what I have -- I can give you

12  the specifics of which cases are which.  Not all of the cases

13  -- I have a long list of them.  The *Croce* [phonetic] case was

14  the most recent one, and I believe that there was an

15  opposition in that case.  And in that case the borrower

16  sought a holding from the court that MERS did not have right

17  to seek relief from stay, and also that MERS had engaged in

18  fraud by representing itself as the beneficiary.  And what

19  this court held was that the law is pretty clear, that MERS

20  has the right, as nominee beneficiary, to bring non-judicial

21  foreclosure, and MERS did not make any misrepresentations by

22  saying it was the beneficiary.  I believe that was an opposed

23  case.

24          JUDGE DAWSON:  And that was *Croce* you say?

25          MR. DeVYVER:  Yes, sir.

1          JUDGE DAWSON:  Do you have a cite for it?

2          MR. DeVYVER:  It was not a published decision.

3          JUDGE HUNT:  Then I don't know it's going to do

4   us --

5          MR. DeVYVER:  If I could just have one moment.

6          JUDGE HUNT:  -- a whole lot of good then.

7          JUDGE PRO:  Yeah.

8          MR. DeVYVER:  I can give you a case number, which is

9   08-01612.

10         JUDGE DAWSON:  Thank you.

11         MR. DeVYVER:  I'd be happy to supply you with the

12  case.  In fact, it's probably in my [unintelligible].

13         JUDGE DAWSON:  We can -- we can look it up.  Thank

14  you.

15         JUDGE GEORGE:  Counsel, just for my clarification,

16  are you seeking reversal of the Bankruptcy Court's judgment

17  regarding the cases in which MERS did not have possession of

18  the notes, or are you simply seeking review of the unfavorable

19  findings to those cases?

20         MR. DeVYVER:  We are seeking a review of the

21  unfavorable finding of those cases.

22         JUDGE GEORGE:  Okay.

23         MR. DeVYVER:  Because I agree with you, we are not

24  asking that the -- the motion for relief from stay.

25         JUDGE GEORGE:  I understand.

1          MR. DeVYVER:  So if I could jump back into where we

2    left off.

3          At least with respect to the Ziegler case, it's

4    pretty clear at least, it is my argument that the Court

5    should not have discounted the evidence and when the

6    evidence is not discounted, MERS is the holder of the note

7    and the beneficiary and has the right to seek relief from

8    stay.  That's the law.

9          And unless there's any questions I'd -- about that

10   particular case, I know that it seems -- everyone wants to

11   talk about the 16 cases, the beneficiary issue, and I'd be

12   happy to move on to that.

13         JUDGE HUNT:  Why don't you go ahead.  We may come

14   back with questions later, counsel, but why don't you

15   proceed.

16         MR. DeVYVER:  The most recent pronouncement that I

17   am aware of from this Court about this issue, and probably

18   the most clear is the _Evoko_ [phonetic] case, which came out

19   not very long ago.  I think it was Judge Jones' case.  And

20   that's the case I'd like to start by talking about.

21          I think it's probably fair to say that in that case

22   what the Court found was that MERS is a nominee, which means

23   that it's an agent with limited powers; that MERS is not the

24   true the beneficiary; it's not the beneficiary of record, but

25   that MERS may act as the agent for the noteholder, and that

1   it can exercise those rights of the beneficiary essentially

2   under the statutory framework.

3          JUDGE JONES:  Let's concentrate on that for just a

4   minute.  We will go round and round and round on this issue,

5   as all the other courts have too, if we just boil this whole

6   thing down to a question of semantics, whether you're a

7   beneficiary or agent or nominee, it seems to me that this

8   case really boils down, under the agency question, as to

9   whether or not you're willing to disclose who your principal

10  is.  That's what Judge Riegle and the other bankruptcy judges

11  were really objecting to.

12         There's a policy in the Bankruptcy Code that you're

13  -- and let alone under new current state law which requires

14  mediation in new notes and deeds of trust.  You're supposed

15  to present your principal, at least the name of the principal,

16  so that the debtor and/or the trustee can negotiate with

17  somebody regarding a motion to lift stay.  That's the whole

18  context and conceptualization -- context behind the bankruptcy

19  lift stay provisions.

20         And basically what this boils down to is, the

21  bankruptcy judges are frustrated.  You're not -- you're

22  either not willing or not able, especially in those cases

23  where the beneficial interest has been transferred beyond

24  the members who belong to MERS, you're not willing nor able

25  to reveal who the principals are.  It may be a thousand

1   people, it may be two or three municipal funds.

2            So it seems to me that, unless we're just going to

3   chase semantics around and around, that this question really

4   boils down to your willingness to disclose the basis for your

5   current agency status.  If you're willing to do that then the

6   Bankruptcy Court ought to recognize you.  Here's our current

7   authorization.  It's not the designation under the original

8   note that was sold three times in the markets.  It is a

9   current designation, or a designation by adoption of the

10  agency established in the note and deed of trust.  And you

11  have to be willing to disclose to the Bankruptcy Court here's

12  our principal or principals, so that the debtor and trustee

13  can negotiate with them.  Is that -- is that what it boils

14  down to or no?

15           MR. DeVYVER:  When MERS is seeking relief from

16  stay, it is the noteholder, and that's the only time it's

17  appropriate under MERS's rules.  When it's the noteholder

18  there isn't anyone to disclose.  As the noteholder, MERS is

19  the party that's entitled to enforce it.  There isn't anyone

20  to disclose.

21           JUDGE JONES:  You have, as noteholder, no authority

22  to negotiate or mediate the note, right?

23           MR. DeVYVER:  No.  I -- I would not --

24           JUDGE JONES:  The only authority you have is to

25  cause the foreclosure to proceed, or as you say, to file a

1  motion to lift stay.  You don't have the authority to

2  compromise the note, to cut it in half, to say we'll forgive

3  the next 12 months payments, right?

4          MR. DeVYVER:  No, I think that the noteholder can

5  do those things.

6          JUDGE JONES:  Contractually you have that right

7  under your MERS agreement with your members?

8          MR. DeVYVER:  When MERS is the noteholder -- well,

9  yes, it does.

10          JUDGE JONES:  You're asking Ziegler to wag this dog,

11  and it's not going to happen.  I think you need to realize

12  it's the 16 cases and the 200 that are yet to be filed.

13  Ziegler is not going to wag this dog.  So you need to address

14  square on.  You're going to get disagreement from some of us

15  about your use of semantics.

16          I think the principle question here is, are you

17  willing to disclose to the Bankruptcy Court so it knows

18  whether or not you are a true agent, a true nominee

19  currently, or whether you're not willing to, and if you're

20  not willing to then why shouldn't we just affirm the

21  Bankruptcy Court?

22          MR. DeVYVER:  There's two different things, in my

23  opinion, that are at play here.  The 16 that you're talking

24  about when MERS is the beneficiary, MERS rules provide that

25  MERS doesn't seek relief from stay when it is only the

1  beneficiary.  And so when MERS is in the principal agency

2  relationship, when it's in the principal agency relationship

3  with the noteholder, those aren't the cases that are going to

4  be, or should be in front of the Bankruptcy Court.  The only

5  cases that should be in front of the Bankruptcy Court, and

6  the only cases in which at least a judicial foreclosure

7  should be brought, are cases in which MERS is both the

8  noteholder and the beneficiary or the mortgagee.  In that

9  case there isn't any agent that is -- or there isn't any

10 principal to disclose.

11             JUDGE JONES:  Okay.  So the only case you want us to

12 reverse is Ziegler?

13             MR. DeVYVER:  Ziegler should be reversed.  Yes.  I

14 am not asking for this Court to find that when MERS is solely

15 the beneficiary it has the ability to seek relief from stay.

16 Do I believe that to be the case?  I do.  Are there cases to

17 support that?  There are.  But we made the decision to not

18 appeal that, and I'm not making that argument today.

19             JUDGE JONES:  So it's just when you are the holder?

20             MR. DeVYVER:  Yes, sir.

21             JUDGE JONES:  And unwilling to disclose -- you're

22 willing to admit that you do not hold the beneficial interest

23 in the note, you've just admitted that to the chief's

24 question and to Judge Pro's question, you just admitted that.

25 So you are willing to admit that you hold no beneficial

1  interest in the note.  You are simply the holder.  And you

2  are unwilling to disclose who the true owners of the note

3  are, and you want us to say that, therefore, you have standing

4  and you can proceed to lift stay?

5          MR. DeVYVER:  That's the law.  That doesn't run

6  afoul to the law.

7          JUDGE JONES:  Okay.

8          MR. DeVYVER:  What the law specifically --

9          JUDGE JONES:  I guess we can agree or disagree on

10  that.

11          JUDGE HUNT:  The question is not what the law is --

12          MR. DeVYVER:  Yes.

13          JUDGE HUNT:  -- the question is what is it you are

14  asking us to do?  What is it you are asking us to accomplish

15  here?  And Judge Jones' question I think is very, very

16  pertinent.  Are we being asked to reverse these other cases,

17  or merely to change the ruling about whether you are or are

18  not a beneficiary if you hold the note, or if you don't hold

19  the note?  'Cause it seems if you're not asking us to

20  determine whether or not you're a beneficiary if you don't

21  hold the note, then all these other cases except Ziegler,

22  which is the one apparently where you asserted -- that you

23  held the note, the rest of them should be affirmed.

24          MR. DeVYVER:  We are asking you in the 16 cases --

25  and Ziegler I'm asking you to reverse.  Absolutely.  I'm

1   asking you to reverse the Bankruptcy Court.  And the other 16

2   cases I'm asking you to review the ruling that MERS is not the

3   beneficiary and to -- to --

4           JUDGE HUNT:  And is that all you're asking us to do?

5           MR. DeVYVER:  It is.  I'm not asking you to reverse

6   the denial of the motion for relief from stay.

7           JUDGE HUNT:  So what you're saying is we can affirm

8   their decision if we hold that they're finding that you're

9   not the beneficiary was incorrect?  I just want to make sure

10  where you're coming from, not what the -- you claim the law

11  is, I want to know where the appellant is coming from, what it

12  is you want us to do and why?

13          MR. DeVYVER:  That is where I'm coming from.  I

14  would like you to find that the Bankruptcy Court erred when

15  it found that MERS was not the beneficiary.  And you are

16  correct, I'm not asking you to change the finding on the

17  motion for relief from stay.  That is correct.

18          JUDGE GEORGE:  And you're not asking, for example,

19  the motion that was made to withdraw your motion, that I

20  think Mr. Schwartzer stipulated to allow you to withdraw and

21  -- but the Court in effect denied that.  You're not asking --

22  there's nothing in your appeal that asks us to address the

23  propriety of the Court to -- to not allow you to withdraw, are

24  you?

25          MR. DeVYVER:  No.

1        JUDGE GEORGE:  Okay.

2        JUDGE HUNT:  So let me make sure I'm getting this

3   straight as to what it is you're asking us to do, setting the

4   Ziegler case aside.  With these other cases you're asking us

5   to decide that you are the beneficiary, even if you don't hold

6   the note?

7        MR. DeVYVER:  Yes, sir.  That is exactly what we're

8   asking.

9        And to loop back to a point -- and if I might

10  continue?  To loop then back to the reasons that you should do

11  that.  And what Your Honor said earlier was this is a matter

12  of semantics.  I think that's a fair characterization of what

13  you said before.

14        And what I'm here to do is to urge you that, a

15  matter of semantics or not, that what you should find that

16  MERS is the beneficiary, and there's a couple of reasons why.

17        One, it does no harm to the statutory framework.

18  This Court has held that, if I'm not mistaken, and I don't

19  want to overstate it because many of the decisions are Your

20  Honors' decisions, but this Court has held that MERS can do

21  the things that a beneficiary can do.  There's no harm to the

22  statutory framework.  I'm not asking you to do anything that

23  you've not already decided, initiate non-judicial foreclosure,

24  substitute a trustee.  Those are the things that a beneficiary

25  can do, and those are the things that this Court has held that

1  MERS can do.

2          JUDGE HUNT:  But ordinarily a beneficiary doesn't do

3  that -- doesn't initiate the foreclosure.  That's usually

4  given to someone else to do.  Isn't that correct?

5          MR. DeVYVER:  But it can under the statute.  I

6  don't know -- and I don't -- I don't mean to be flippant,

7  that's not my point.

8          JUDGE HUNT:  I understand that, counsel.  I don't

9  want to take your time up.  Go ahead and finish it then I'll

10  just -- I'm going to relate a story to you and explain to you,

11  I guess, where I'm coming from in this whole thing.  But

12  you've got about 4 -- 3 or 4 more minutes.

13          MR. DeVYVER:  And I'd like to just be quick so I

14  have a little bit of time to respond to Mr. Schwartzer.

15          There's no legal reason, there's no practical

16  reason, and there's no policy reason for this Court to find

17  anything other than that MERS is a beneficiary.  It does no

18  harm to the statutory framework, it does no harm to the deed

19  of trust.

20          Remember, the parties to the deed of trust contract

21  that MERS has these rights.  There's no misrepresentations and

22  there's nothing unclear.  And so what this Court should do,

23  and what I'm urging the Court to do, is find that MERS is the

24  beneficiary.  And I'd like to reserve the rest of my time for

25  rebuttal.

1          JUDGE HUNT:  All right.

2          Let me tell you my story.  I don't remember the

3    genesis of it, or whether or not it's an apothecial story or

4    a real one.  But the story had to do with President Lincoln.

5    He was in discussion with a man and it caused him to ask the

6    man the question if you call the tail on a dog a leg, how many

7    legs does a dog have?  And the man answered five.  And

8    President Lincoln said no, just because you call it a leg

9    doesn't make it a leg.

10         That's the problem I have with calling this a

11   beneficiary because a beneficiary can [sic] do the same things

12   that an agent can do that that makes the agent a beneficiary.

13   That's the problem I have.

14         Thank you.

15         We'll hear from Mr. Schwartzer.

16         MR. SCHWARTZER:  Thank you.  Thank you, Your Honors.

17   Thank you.

18         My name is Lenard Schwartzer.  I'm the Chapter 7

19   Trustee in all the cases except for Ziegler, and in the

20   Ziegler case I was the attorney for the debtor.  And in all

21   the cases that -- cases, I raised a relatively simple

22   objection to the motion to lift stay.  I said that MERS did

23   not have standing to bring the motion to lift stay.  Coming

24   into a -- into a Bankruptcy Court, you need to identify the

25   actual beneficial owner of the note and deeds of trust.  And

1  we're saying we can act without telling you -- telling you

2  who that -- who that person is.  And I think the 18 cases --

3  these 18 cases just so happen to be the ones that I was the

4  trustee.  There's nothing particularly special about that,

5  that on --

6          JUDGE MAHAN:  Where's that obligation found in the

7  law --

8          MR. SCHWARTZER:  Well, see the obligation --

9          JUDGE MAHAN:  -- that the beneficiary is required

10 to say here's who actually holds the note or the deed of

11 trust?

12         MR. SCHWARTZER:  Well, obligation is stated in the

13 rules.  The rules say, and I laid it out I think in my brief.

14 Rule 4001 [unintelligible] bankruptcy rule that says

15 [unintelligible] motion to lift the automatic stay.  It says

16 the Court, under Rule -- Bankruptcy Rule 9014.

17         Bankruptcy Rule 9014 says that among the rules that

18 are applied equal to the Bankruptcy Rule 7017.  Bankruptcy

19 Rule 7017 is similar to Federal Rules of Civil Procedure,

20 Rule 17, which basically says that an action has to be

21 brought by the real party in interest.  And if you're not the

22 real party in interest, it's dismissible, but you had the

23 opportunity to bring gratification or join in the real party

24 in interest.  That was what I saw was wrong with the -- with

25 MERS' motion.

1          If you look at the motion themselves and you each

2    have different ones, but for example in -- in the Cortez case

3    in front of Judge Dawson, it says the motion is brought by

4    MERS solely as nominee for Countrywide -- or Countrywide or

5    Deutsche Bank or somebody.

6          JUDGE JONES:  Mr. Schwartzer, I'm sorry to

7    interrupt.  The answer to Judge Mahan's question is, there's

8    nothing in the law that requires a -- an agent, a trust

9    company, for example, in a case in District Court, not

10   arising in bankruptcy, to say we're here to foreclose and a

11   pro se who files a case to stop them.  The problem is, when

12   a case is filed in bankruptcy and somebody asks to lift the

13   stay --

14         MR. SCHWARTZER:  You're right.

15         JUDGE JONES:  -- or files under Civil Rule 17 --

16         MR. SCHWARTZER:  You're right.  And I'm sorry for

17   not -- I'm sorry for not answering your question.

18         JUDGE JONES:  -- then there is a requirement that

19   you disclose the true party in interest.

20         MR. SCHWARTZER:  That is exactly -- you know what,

21   I have my second line here that says standing required to be

22   in a federal court, bankruptcy court, is not the same as --

23   it's not the equivalent to the right to foreclose under state

24   law.  Under state law they have a contractual right to do

25   certain things.  But if they're going to bring it -- bring an

1   action in federal court they have to have standing.  They have

2   to be the real party in interest.

3           Where there's several rulings of this Court that

4   says there's nothing wrong with MERS conducting foreclosure

5   under state law, I'm not arguing that.  I'm not disagreeing

6   with that rule.  There's a difference of what you can do as

7   an agency outside of court.  Nobody -- you may or may not

8   have to prove your agency, especially if nobody argues with

9   you about having the right as an agent.  You don't have to

10  prove you're an agent.

11          But in federal court if you bring an action and you

12  say I'm somebody's agent, the defendant, or in this case the

13  respondent to the motion has the right to say prove it.  You

14  don't have -- you can't come into court just on your pleading

15  and say I am the agent, I am the nominee for Countrywide and

16  everybody has to believe it.  We don't.  That's what happened

17  in these cases.

18          You have 16 cases where all you have is -- well,

19  we have about 14 cases where MERS says they're either the

20  nominee or holding the nominee for someone else.  And we've

21  said prove that to the real party in interest.

22  [unintelligible].

23          JUDGE JONES:  So you're not asking us to destroy the

24  MERS system nationwide, you're just saying in a civil rules

25  context, whether in Federal District Court or Bankruptcy

1  Court, you have to show who the true party in interest is and

2  your agency status.

3        MR. SCHWARTZER:  And that's exactly correct, because

4  the rules require, Rule 7017 requires it, Rule 9014 requires

5  it, Rule 4001 requires it.

6        More importantly --

7        JUDGE PRO:  So Mr. Schwartzer, how would MERS show,

8  to the satisfaction of the trustee, that while in the cases

9  where it's not the holder of the note, that it's a non-holder

10 in possession who has the rights of the holder?  In other

11 words, that it has the right to enforce an act on behalf of

12 the holder.  What would they have to put forth to satisfy that

13 requirement?

14        MR. SCHWARTZER:  An affidavit from an officer of the

15 beneficiary.  There is someone out there who actually is the

16 beneficial owner of the note.  It's probably something like

17 US Bank as trustee for a securized bond, fund or something

18 like that, or Deutsche Bank as trustee for a whole group of

19 entities.  I don't have a problem with that.

20        And they had -- remember, in these cases MERS had

21 multiple opportunities to do that.  This case -- these cases

22 that continued in front of the Bankruptcy Court months at a

23 time, and they -- they decided -- MERS decided to make this a

24 test case to say we don't believe we have to show you, judges,

25 here, or judges in the Bankruptcy Court who is the actual

1    owner of the note.

2           JUDGE JONES:  See that's the problem that it's

3    creating for judges across the country.  The whole idea of

4    the MERS system, as I understand it, was to avoid the many

5    differences in state law, some of which require actual

6    recordation of the assignment of the beneficial interest.

7    They wanted to syndicate these notes, make them tradeable

8    through an electronic market.  And the way they did it is

9    they said we won't record assignments of deeds of trust,

10   we'll have a single designated agent, and we will simply

11   electronically record who the current holder is.

12          So I see nothing wrong with your argument that says

13   that's fine, we recognize your status outside of a litigation

14   context.  Go ahead, record the trustee's deed, if nobody

15   objects.  But in a civil context you must disclose who the

16   true party in interest is.

17          MR. SCHWARTZER:  That's what we're -- what -- the

18   point of my objection was.  I was seeing -- and the reason why

19   that's important in bankruptcy is -- is a particular issue

20   that arises in bankruptcy.

21          Rule 4001(a)(3) of the Bankruptcy Code says before

22   you file a motion to lift stay you have to communicate good

23   faith with the opposing party to see if you can work it out.

24          Well, MERS can't work out anything.  It has no

25   beneficial interest in it.  It can never say I'll agree to

1  an adequate protection payment.  I can agree to forego some

2  of the payments now and add it to the end of the note.  It

3  cannot do any of those things because it has no beneficial

4  interest.

5          Someone out there is the owner of the note.  And

6  there may be a thousand owners of the note, I agree, because

7  it could be in a trust where there are a thousand different

8  -- but there is a trustee of that trust who is the person who

9  is part of the beneficial interest of that note, and we don't

10  know who that person is.  And that person should communicate

11  with the debtor or the trustee before the motion to lift stay

12  is filed.

13          And the reason why I filed my objection is because

14  in none of these cases was there are realistic opportunity for

15  anybody to negotiate with regard to the lift stay, adequate

16  protection or modification of the note.

17          And I think in these economic times that became a

18  much more major issue than it was, I guess, three or four

19  years ago.  And I didn't want to know that [unintelligible]

20  default.  That's the reason why we're here and that we're

21  arguing.

22          JUDGE GEORGE:  Mr. Schwartzer, this doesn't pertain

23  to the appeal.  But is there some possibility that you may be

24  satisfied if the other side agreed to identify the party of

25  real interest, as you have requested?  Would that possibly

1   settle this case?  You don't need to respond --

2          MR. SCHWARTZER:  Well, it wouldn't settle this case,

3   but they've -- they've made it a test case.  But the answer

4   is, if they had presented the beneficial owner and said the

5   beneficial owner is Deutsche Bank as a trustee or whoever it

6   is of the trust that holds these thousand notes, they would

7   have had a ratification by the beneficial owner and,

8   therefore, they could go to forward with it.

9          JUDGE GEORGE:  I understand.

10         MR. SCHWARTZER:  Just like if they were -- brought

11  a lawsuit here in federal -- in district court, and you say,

12  oh, by the way, we're the nominee for and somebody says, well,

13  show us you have authority in this -- a couple of ways.  You

14  bring in an affidavit, a declaration, or you join the actual

15  beneficial owner as an additional claimant.

16         JUDGE GEORGE:  But it wouldn't settle this case.

17         MR. SCHWARTZER:  It wouldn't settle this.

18         JUDGE GEORGE:  I understand.

19         MR. SCHWARTZER:  And I also disagree with opposing

20  counsel with regard to asking you to hold that they're the

21  beneficiary.  That wasn't what the Court ruled.  The Court

22  ruled they didn't have standing.  That's what the Court

23  ruled.

24         JUDGE GEORGE:  All right.

25         MR. SCHWARTZER:  What the Judge said -- and, you

1  know, I wish I had that Abraham Lincoln quote to use in my

2  argument because it's on point, that you can call yourself a

3  beneficiary, but if you have no beneficial interest and you

4  agree that you have no beneficial interest, you're not the

5  beneficiary of the deed of trust, and you're not the benefit

6  -- you're not the owner of the note.

7          JUDGE DAWSON:  They use -- they use the duck instead

8  of the dog.

9          MR. SCHWARTZER:  Right, they -- well, Judge -- Judge

10 Riegle used the duck.

11         JUDGE DAWSON:  Let me ask you a question.

12         MR. SCHWARTZER:  They don't walk like a duck --

13         JUDGE DAWSON:  In the experience I've had with

14 foreclosures I've always taken the note into the title

15 company and they make sure I have the note or I have an

16 affidavit that says the note has been lost.  Why -- why did

17 that not happen in this case?  Why was the person who was

18 seeking to foreclose not required to produce evidence that

19 they had a beneficial interest?

20         MR. SCHWARTZER:  That was their position that they

21 did not have to produce that.  Their -- as I understand MERS'

22 position, is their position is that if we're named as

23 beneficiary, nominee beneficiary on the deed of trust, we

24 don't have to show you anything else.  End of discussion.

25 It's in the contract, you don't -- we don't have to show

1  anything further.

2           JUDGE DAWSON:  But if John Q. Public went in to

3  foreclose on a deed of trust that was in -- where a note was

4  in default, he would have to produce the note or a loss note

5  affidavit or some other evidence pursuant to the statute that

6  he's a non-holder in possession of an instrument who has the

7  rights of a holder.  That apparently didn't happen in this

8  case?

9           MR. SCHWARTZER:  As far as we know that didn't --

10  it certainly didn't happen in the Bankruptcy Court.  And my

11  experience is similar to yours, Your Honor, is that any time

12  I had to foreclose on a note and deed of trust, I had to

13  bring the note and deed of trust over to the title company,

14  because I'm not MERS I guess.

15           JUDGE JONES:  The purpose of that, of course, is to

16  protect the public from free floating notes out there

17  presented fraudulently.  In other words, somebody says its

18  lost or they don't produce it and they don't say that it's

19  lost, the deed of trust is foreclosed.  We all know the

20  effect of that under the law, that is, the note is canceled,

21  the obligation is canceled.  But we still have a free floating

22  note --

23           MR. SCHWARTZER:  Yeah.

24           MR. JONES:  -- that can be used fraudulently, and so

25  that's the purpose of that requirement.

1          MR. SCHWARTZER:  And it makes sense to require

2   somebody who's going to come into Bankruptcy Court and say I'm

3   the -- that I have a right to foreclose, and I'm filing a

4   motion to lift stay, here's the documentation.  And believe

5   me, I get 2,000 -- I get 40 new cases a week.  I don't pick

6   the ones where they say -- or they have the documentation.

7   It's this one was just a -- clear on its face that it didn't

8   make sense that they had standing, 'cause they're saying, I

9   don't have the benefit [unintelligible].  And I'm thinking

10  [unintelligible] you have standing?

11         JUDGE HUNT:  Can I ask you a question back on the

12  Ziegler case?

13         MR. SCHWARTZER:  Yes.

14         JUDGE HUNT:  It's my understanding that there was a

15  note and it was possessed by MERS, but if I understand

16  correctly, and I'm asking you if I do understand correctly

17  initially, that the -- at the time the motion to lift the

18  stay was made, the beneficial interest, that is interest in

19  that note, had been transferred from another -- I'm not sure

20  how to pronounce the name, is it Meridias or Meridias -- had

21  been transferred from that beneficial owner to another before

22  the motion was brought.  Now is that -- is that accurate?

23         MR. SCHWARTZER:  That is my understanding.

24         JUDGE HUNT:  Did MERS ever provide -- or were they

25  given an opportunity to provide any documentation indicating

1   that they were the agent or nominee for the new owner and

2   identify the new owner?

3          MR. SCHWARTZER:  They provided an affidavit of Ms.

4   Mesh [phonetic] which said I'm in possession of the note, and

5   the note is endorsed in blank, and I have been certified, as

6   an officer of MERS, by a corporate resolution of MERS, but I

7   don't work for MERS, I work for somebody else.  And my

8   understanding is that Ms. -- worked for a service -- a

9   servicing company because the actual beneficial owners of the

10  note don't usually have physical possession, they leave them

11  in stockpiles with the servicing company so they don't get

12  lost.

13         JUDGE HUNT:  So is the answer to my question yes or

14  no?  Did they --

15         MR. SCHWARTZER:  They -- no, they never identified

16  the beneficial owner.  They never identified the beneficial

17  owner of the note, they just said we -- the person we've

18  identified, Ms. Mesh, has physical possession of the note,

19  and we have [unintelligible] a corporate resolution saying

20  she's the assistant secretary of MERS and therefore she is

21  an officer of MERS and therefore MERS is now the holder of

22  the note.

23         JUDGE HUNT:  Okay.  Thank you.

24         MR. SCHWARTZER:  Okay.

25         JUDGE MAHAN:  Well, you raised a specter that -- of

1  somebody separating the note from the deed of trust.  Are you

2  familiar with the One Action Rule?

3          MR. SCHWARTZER:  Yes.

4          JUDGE MAHAN:  NRS 40.430.  That presents that

5  specter from ever becoming a reality, doesn't it?

6          MR. SCHWARTZER:  Well, actually in the Ziegler case

7  it wouldn't, because in the Ziegler case we now -- it --

8          JUDGE MAHAN:  Say -- I didn't hear the first part.

9          MR. SCHWARTZER:  In the Ziegler case it's -- it

10 wouldn't, because in the Ziegler case the house has been

11 foreclosed upon by the first mortgagee.  And the note is now

12 an unsecured note.

13          JUDGE MAHAN:  So is this --

14          MR. SCHWARTZER:  So there is a note out there.

15          JUDGE MAHAN:  -- it was a second note.  But the rest

16 of these I think were all first promissory notes --

17          MR. SCHWARTZER:  I believe -- I believe they are.

18          JUDGE MAHAN:  -- deeds of trust.

19          MR. SCHWARTZER:  And I agree with you.  I don't

20 think you could separate the note -- the beneficial interest

21 and the deed of trust from the beneficial interest in the note

22 because if you did, and I think Judge Riegle in her initial

23 opinion made clear that the -- that showed the law that says

24 that you can't have one without the other.  That -- if you

25 only -- if you only received the deed of trust and not the

1  note -- the beneficial interest under the note, you have no

2  right to foreclose because you'd never have a right to receive

3  the money.  And if you separate -- had the note, but not the

4  deed of trust, then you [unintelligible] foreclose, because

5  you don't have the deed of trust.

6          JUDGE MAHAN:  Your -- but your argument is

7  restricted to bankruptcy arena.

8          MR. SCHWARTZER:  Well, actually my argument is

9  restricted to the idea that anyone who wants to bring a

10 judicial action on a note secured by a deed of trust, for

11 example, a judicial foreclosure would have to show that

12 they're the real party in interest.

13         JUDGE MAHAN:  But typically in non-bankruptcy,

14 that's a -- that's a mortgage rather than a deed of trust.

15         MR. SCHWARTZER:  That's true.  But you know, I've

16 had New York lawyers swear to me that we have to bring a

17 judicial foreclosure on their note and deed of trust in

18 commercial transactions and I try to explain to them under

19 Nevada law you don't, but they say, nope, that's what we want

20 you to do.  And in those cases, they went into court and we

21 filed the action for judicial foreclosure.  But I had to

22 prove -- and I don't remember the case having that issue, but

23 I would've had to prove, if I went through a judicial

24 foreclosure, that my plaintiff had the beneficial interest in

25 the note and mortgage, because otherwise he wouldn't be the

1    real party in interest.

2             JUDGE MAHAN:  And that's -- but I just want to be

3    clear.  You're making a narrow argument here in the bankruptcy

4    context.

5             MR. SCHWARTZER:  Yes.  My argument, and I want to

6    make that clear again.  I'm not arguing that MERS doesn't have

7    a right to conduct a non-judicial foreclosure outside of a

8    courtroom, because the real party in interest rule doesn't

9    apply except because of Rule 17 and Bankruptcy Rule 70 [sic]

10   [unintelligible].  When you have a rule you apply it.  It

11   applies to my client, it applies to Mr. DeVyver's client,

12   whether you're a multi-national company or a guy who has one

13   note and deed of trust, if you bring a motion to lift stay

14   you have to prove you're the real party in interest.  If

15   you're not the real party in interest you're not supposed to

16   bring a motion to lift stay or, as in the case, should be

17   denied.

18             With regard to the Ziegler matter and just -- I

19   know this is the -- I just want to point out that -- that I

20   think that that case is probably moot, the Ziegler matter,

21   because the first mortgage was granted relief from the

22   automatic stay, and MERS was the movant with regards on the

23   second mortgage, and the first mortgage has already

24   foreclosed.  And fortunately I discovered that over the

25   weekend in preparation of the hearing.  And I found out that

1  the -- that the first mortgage foreclosed in December of 2008,

2  which was three months before Judge Riegle issued her opinion

3  and that was -- and therefore about three [unintelligible]

4  before the order [unintelligible].  So that case was moot by

5  the time the judge made the decision when we argued at trial.

6  But by the time we [unintelligible] issue, the property was no

7  longer a property of [unintelligible] to bankruptcy estate's

8  or [unintelligible] and if the Court would prefer with regard

9  to that case I could file the motion and attach a copy of the

10  trustee's deed upon sale showing that the [unintelligible]

11  foreclosure sale of the first mortgage occurred before the

12  date -- the decision were [unintelligible].

13        JUDGE HUNT:  If you would please.

14        MR. SCHWARTZER:  I would that.

15        I have no further argument to make.  If you have

16  any questions I would be happy to answer 'em.

17        JUDGE GEORGE:  Counsel, this isn't really at issue,

18  but you're not suggesting that if circumstances changed, that

19  no matter how this case -- how we rule on this case, that

20  that would necessarily preclude their filing another motion

21  to lift the stay.  You're not suggesting that, are you?

22        MR. SCHWARTZER:  No.  This would -- this is a

23  question of standing.  If they to not -- I think Judge Riegle

24  was very clear in her Mitchell opinion and the other decision

25  to -- adopted it.  This was -- their motions were denied for

1    lack of standing.  So if the real party in interest files a

2    motion to lift stay, it would have absolutely no card [sic] to

3    that -- those subsequent motions.

4         JUDGE GEORGE:  So this ruling may not be terribly

5    important?

6         MR. SCHWARTZER:  It's a procedural issue, Your

7    Honor, that I think is important.  I think it's important to

8    make sure that the party who brings the motion to lift stay

9    has met the prerequisite of Rule 4001(a)(3), which is

10   communicate in good faith with the debtor and the borrower --

11   the debtor about whether something could be worked out with

12   regard to the motion.

13        JUDGE GEORGE:  I understand.  Thank you.

14        MR. SCHWARTZER:  That's a real important thing that

15   we need to have at this point in time.  I mean obviously

16   afterwards they could do the mediation in state court, I

17   guess, but I don't see any reason for not requiring somebody

18   who has a note and deed of trust meeting that requirement, at

19   least talking one time to their debtor before they do the

20   foreclosure -- not foreclosure, before they bring the motion

21   to lift the automatic stay.

22        JUDGE MAHAN:  Because that's what the law requires.

23        MR. SCHWARTZER:  Because that's what the -- and

24   we're not expanding the rule or changing the rule, we're just

25   saying follow the rule.

1          JUDGE GEORGE:  That is the rule.  Mm-hmm.

2          MR. SCHWARTZER:  Thank you.

3          JUDGE MAHAN:  Thank you.

4          JUDGE GEORGE:  Thank you.

5          JUDGE HUNT:  I guess I have one -- you wanted some

6     more time, Mr. DeVyver?

7          MR. DeVYVER:  Right.  I had three minutes, and I'd

8     just like to use 'em, if that's all right?

9          JUDGE HUNT:  You will, and before I start running

10    the clock on you, come forward.

11         I have a question I guess in clarification.  Is the

12    -- it appears to me that your -- your real critical desire

13    here is to obtain a change in the finding that MERS' is not

14    the beneficiary.  Is the purpose in doing that so that as a

15    practice MERS can avoid having to present this documentation

16    in a Bankruptcy Court or other -- in another litigation court

17    setting that other people apparently have to do?

18         MR. DeVYVER:  No.  No.  When MERS developed -- when

19    MERS developed the mortgages that are used here, we weren't

20    trying to do anything other than comply with the statutory

21    framework.  The statutory framework provides for a

22    beneficiary, and that's all we're trying to do.  Nobody's

23    trying to hide anything.

24         JUDGE HUNT:  Did MERS develop the mortgages or

25    merely the investment vehicle that MERS seems to facilitate?

1           MR. DeVYVER:  I don't -- I think that MERS probably

2    had some small role in developing, because the mortgages use -

3    - usually say MERS at the bottom.  I think MERS had some  role

4    in developing to use the right language to designate  MERS as

5    beneficiary, again, only to comply with the statutes.  And

6    remember, it is MERS' position to seek relief from stay, but

7    you have to be the noteholder and the beneficiary.

8           When -- there is one thing I'd like to clarify, and

9    I'm not sure exactly if I understood Mr. Schwartzer, but I do

10   want to be clear for purposes of making this record, which is

11   when MERS seeks relief from stay, under its own rules, Rule 8,

12   it should be the noteholder and the beneficiary.  And so

13   there's no principal to disclose.  MERS is the party that --

14   MERS is the party to exercise the right.

15          And I would direct the Court to Nevada statute.  It

16   says the person entitled -- and this is 104.3301.

17          "The person entitled to enforce an instrument is the

18       holder."

19          And then it goes on to say:

20          "A person may be a -- a person entitled to enforce

21       the instrument, even though the person is not the owner

22       of the instrument."

23          JUDGE MAHAN:  Now what statute is that?

24          MR. DeVYVER:  That is 104.3301.

25          JUDGE MAHAN:  That's Uniform Commercial Code.

NW TRANSCRIPTS, LLC - Nevada Division
P.O. Box 890
Nampa, Idaho 83653-0890
(208) 466-4148 - gayle@nwtranscripts.com

1          MR. DeVYVER:  It is.

2          JUDGE MAHAN:  Now what does that have to do with

3    real property?

4          MR. DeVYVER:  Security -- because a note is bearer

5    paper I guess is my point.  Mr. Schwartzer seemed to be

6    saying --

7          JUDGE MAHAN:  But that the -- I mean we're talking

8    about deeds of trust.

9          MR. DeVYVER:  Well, what Mr. Schwartzer seems to --

10          JUDGE HUNT:  Yeah, it seems to me that what you're

11    suggesting is that you can separate those two documents --

12          MR. DeVYVER:  No.

13          JUDGE HUNT:  -- enforcing [unintelligible].

14          MR. DeVYVER:  No.  All I'm saying is Mr. Schwartzer

15    seemed to be saying that when MERS comes to the Bankruptcy

16    Court and is the noteholder and is the beneficiary, it has

17    some duty to disclose someone, and my point is just that it

18    doesn't.

19          JUDGE MAHAN:  Well --

20          MR. DeVYVER:  When it -- when it has both of those

21    pieces of paper it's the party under both Nevada law, as well

22    as many Bankruptcy Court decisions that I've cited in my

23    brief, it's the party entitled to seek relief from stay.

24    There are no cases that Mr. Schwartzer or anyone has ever

25    cited that I have ever seen that says a noteholder and a

1  beneficiary has to disclose anybody else.  Those cases don't

2  exist.

3          JUDGE DAWSON:  What you just read out of 104.3301

4  sub (2), the person may be a person entitled to enforce the

5  instrument, even though the person is not the owner of the

6  instrument, or is in wrongful possession of the instrument,

7  does not obviate the provisions of Subsection (1) which still

8  requires possession.

9          MR. DeVYVER:  It does, and that's precisely my

10  point.  When MERS seeks relief from stay it literally, under

11  its own rules, must be in possession of that piece of paper.

12  And when it is there isn't -- my only point is Mr. Schwartzer

13  seems to think that there's someone else that needs to be

14  disclosed, and that isn't the case.

15          JUDGE HUNT:  But here, in the mortgage situation,

16  aren't we dealing with two pieces of paper, the note and the

17  trust deed?

18          MR. DeVYVER:  Yes.  The note and deed of trust.

19  Yes.

20          JUDGE HUNT:  Okay.

21          MR. DeVYVER:  And as long as it has both of those

22  pieces of paper it can seek relief from stay.  That is my

23  only point.  I mean I would -- I would love to talk more

24  about the beneficiary issue, but I know that I'm out of time.

25  But I did want to make that point.  Mr. Schwartzer seemed to

 1   think that something else was needed when MERS is the

 2   noteholder and the beneficiary, either to seek relief from

 3   stay or even initiate any action.  Nothing else is needed

 4   under the law.

 5           Thank you.

 6           JUDGE HUNT:  All right.  Thank you.

 7           And thank you, counsel.  The matter will be taken

 8   under submission.

 9           THE CLERK:  All rise.

10             PROCEEDINGS CONCLUDED AT 2:27:33 P.M.

11               * * * * * * * * *

12

13

14

15

16

17

18

19

20

21

22

23

24

25

NW TRANSCRIPTS, LLC - Nevada Division
P.O. Box 890
Nampa, Idaho 83653-0890
(208) 466-4148 - gayle@nwranscripts.com

47

**CERTIFICATION**

I (WE) CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE ELECTRONIC SOUND RECORDING OF THE PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

**NW TRANSCRIPTS, LLC**
**NEVADA DIVISION**
**P.O. BOX 890**
**NAMPA, IDAHO 83653-0890**
**(208) 466-4148**
**gayle@nwtranscripts.com**

/s/ Gayle Lutz
FEDERALLY CERTIFIED MANAGER/OWNER

Kari Riley                                          11/11/09
TRANSCRIBER                                         DATE